UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE ABRON<br>    Plaintiff,<br>v.<br><br>BRIAN DUNFORD,<br>DAVID SANTOSUOSSO, AND<br>THE CITY OF BOSTON<br>    Defendants. | Civil Action No.: 1:09-CV-12092 |

**COMPLAINT AND JURY DEMAND**

**I. INTRODUCTION**

1. This is an action, by Wayne Abron ("Abron") for damages as a result of violations of 42 U.S.C. § 1983, the Federal Civil Rights Act, and G.L. c. 12 §11I, the Massachusetts Civil Rights Act, which not only resulted in serious physical injury to Abron, but also the groundless (and ultimately unsuccessful) prosecution of fabricated charges against Abron likely intended to draw attention from the beating inflicted on him by police officers.

**II. PARTIES, JURISDICTION & VENUE**

2. Plaintiff, Wayne Abron is an individual who resides at 87 Howard Avenue, Boston, Massachusetts.

3. Officer Brian Dunford ("Officer Dunford"), sued in his individual capacity, is, on information and belief, a police officer for the City of Boston, Massachusetts, and an individual with a principal place of employment in at the Boston Police Department, One Schroeder Plaza,

Boston, Massachusetts. Officer Dunford is, on information and belief, a caucasian male and has been an officer for the Boston Police Department for several years.

4. Officer David Santosuosso ("Officer Santosuosso"), sued in his individual capacity, is, on information and belief, a police officer for the City of Boston and an individual with a principal place of employment at the Boston Police Department, One Schroeder Plaza, Boston, Massachusetts. Officer Santosuosso is, on information and belief, a caucasian male and has been a full-time officer for the Boston Police Department for numerous years.

5. The City of Boston is a duly organized city under the laws of the Commonwealth of Massachusetts and, at all times relevant hereto, was the public employer of Officers Dunford and Santosuosso. The executive offices of the City of Boston are located at Government Center, Boston, Massachusetts.

6. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and, *inter alia*, the Fourth and Fourteenth Amendments to the United States Constitution. Accordingly, jurisdiction obtains pursuant to 28 U.S.C. §§ 1331 and 1343.

7. The Court also has jurisdiction over the state civil rights claims pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. §1367.

8. Venue in the United States District Court for the District of Massachusetts arises pursuant to 28 U.S.C. §1391(b).

### III. **FACTUAL ALLEGATIONS**

9. Abron is a 43 year old male of African-American ancestry. He currently lives at 87 Howard Avenue in the City of Boston.

10. Abron has, for approximately eighteen (18) years, been employed as a firefighter by the City of Boston. He remains in good standing and has no history of any disciplinary matters with the Fire Department.

11. On the evening of March 22, 2008, Abron and his girlfriend, Edwina Wynn ("Wynn") attended a birthday party located in an art gallery and, subsequently, a reception at a restaurant. The evening was without incident.

12. After the reception, in the early hours of March 23, 2008, Easter Sunday, they went to his mother's house at 87 Howard Avenue, Dorchester, Massachusetts.

13. Having a disagreement on personal and financial matters, Abron and Wynn argued in the backyard of his mother's house.

14. At no time during the squabble were they in physical contact nor did Abron physically threaten Wynn.

15. According to police records, in the early morning hours of March 22, 2008, an anonymous caller called 911 and stated that someone was beating up a woman at 91 Howard Street, Dorchester, Massachusetts. When asked for a description of the alleged fighters, the caller said "I don't know" and then hung up.

16. Officers Dunford and Santosuosso, claiming to have responded to that call, arrived at the rear of 87 Howard Avenue, Dorchester, Massachusetts.

17. They were neither seen nor heard by Abron nor Wynn until either Dunford or Santosuosso tackled Abron from behind, flinging him to the ground.

18. Abron was beaten against concrete paving tiles in the yard. He was punched and kicked in the face repeatedly.

19. Despite having been beaten senseless, one of the officers sprayed Abron in the face with pepper spray.

20. Abron suffered severe facial lacerations and contusions as a result of the beating inflicted upon him. The injuries included lacerations to his hand and an injury to his shoulder. The shoulder injury is presently believed to be of a permanent injury.

21. Abron, dazed and limp, was brought to the police station, where was booked and where he received treatment from emergency medical technicians. Abron was later taken to the Boston Medical Center by ambulance under police guard.

22. Abron was charged with Assault and Battery, Assault and Battery on both Police Officers and Resisting Arrest. Wynn was the alleged victim of the assault and battery by Abron despite the statement that she had not been assaulted.

23. Trial commenced on or about September 16, 2009.

24. There was no testimony by anyone other than Santosuosso or Dunford that anyone witnessed Abron physically abusing Wynn, or, for that matter, the he and Wynn had physical contact during the argument on March 23, 2008.

25. The jury, after very brief deliberations, acquitted Abron on all counts.

## IV. CLAIMS

### Count I
**(42 U.S.C. §1983)**
**Officers Dunford & Santosuosso**

26. Abron reavers and reasserts the allegations in paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Officers Dunford and Santosuosso are "persons" within the meaning of 42 U.S.C. § 1983, and their actions, as described herein, were taken under color of state law within the meaning of that statute.

28. By the actions described, *supra,* Officers Dunford and Santosuosso, in concert, improperly and unwarrantedly used excessive force, thereby depriving Abron of the clearly established and well-settled right to be secure in his person and property in violation of, *inter alia*, the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. The actions taken by Officers Dunford and Santosuosso were undertaken with reckless disregard for Abron's clearly established constitutional rights.

30. As a direct and proximate result of the improper conduct of Officers Dunford and Santosuosso, and any others acting in concert with them, Abron suffered the aforementioned violations of his constitutional rights and was damaged thereby.

### Count II
### (42 U.S.C. §1983)
### City of Boston

31. Abron reavers and reasserts the allegations in paragraphs 1 through 30 as if fully set forth herein.

32. The City of Boston is a "person" within the meaning of 42 U.S.C. §1983 and its actions, as described herein, where taken under color of state law within the meaning of that statute.

33. Upon information and belief, the failure of the City of Boston and the Boston Police Department to properly select, train, supervise and discipline police supervising detectives

and officers constitutes gross and deliberate indifference to the unconstitutional conduct by its Officers.

34. The official practices, customs and policies of the City of Boston as alleged in the complaint violated Abron's clearly established rights guaranteed by 42 U.S.C. §1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Articles 1 and 14 of the Massachusetts Declaration of Rights.

35. As a direct and proximate result of these practices, customs and policies, Abron suffered the aforementioned violations of his constitutional rights and was fatally damaged thereby.

### Count III
### (G.L.c.12 §11I)
### Officers Dunford and Santosuosso

36. Abron reavers and reasserts the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. Acting in concert, Dunford and Santosuosso, with deliberate indifference, severely injured Abron by the use of excessive force that was unjustified and unreasonable, thereby depriving him of his clearly established right to be secure in his person and property in violation of, *inter alia*, the Fourth and Fourteenth Amendments of the United States Constitution.

38. The actions of Dunford and Santosuosso also violated the relevant provisions of the Massachusetts Declaration of Rights.

39. By the actions described, *supra*, Officers Dunford and Santosuosso, in concert with each other and others who were present at the scene, deprived Abron by threats, intimidation or coercion, of the clearly established and well-settled right to be secure in his

person and property – and not subject to unreasonable seizure – in violation of, *inter alia*, the Fourth and Fourteenth Amendments to the Constitution of the United States.

40. The actions taken by Officers Dunford and Santosuosso, and anyone acting in concert with them, were undertaken with reckless disregard for Abron's constitutional rights.

41. As a direct and proximate result of their conduct, Abron suffered the aforementioned violations of his constitutional rights and was fatally damaged thereby.

### Count IV
### (G.L.c.12 §11I)
### City of Boston

42. Abron reavers and reasserts the allegations in paragraph 1 through 41 as if fully set forth herein.

43. The City of Boston is a "person" within the meaning of 42 U.S.C. §1983.

44. The official practices, customs and policies of the City of Boston as alleged in the complaint deprived Abron by threats, intimidation or coercion of clearly established rights guaranteed by 42 U.S.C. §1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and relevant articles of the Massachusetts Declaration of Rights.

45. Upon information and belief, the failure of the City of Boston and Boston Police Department to properly select, train, supervise and discipline police supervisors, detectives and officers constitutes gross and deliberate indifference to the unconstitutional conduct by the officers.

46. As a direct and proximate result of the City of Boston's reckless customs, policies, and practices, Abron's civil rights were disregarded and Abron was fatally damaged thereby.

### Count V
### (Malicious Prosecution)
### All Defendants

47. Abron reavers and reasserts the allegations in paragraph 1 through 46 as if fully set forth herein.

48. The Defendants caused criminal proceedings to be brought against Abron.

49. The Defendants acted with malice and intent to vexate, harass, and annoy Abron.

50. The criminal proceedings were also brought without probable cause.

51. The criminal proceedings terminated in favor of Abron.

52. As a direct and proximate result thereof, Abron incurred significant physical, mental, and economic damages.

## V. PRAYERS FOR RELIEF

WHEREFORE, Wayne Abron respectfully requests that this Court:

a. Enter judgment for compensatory damages against Officers Dunford and Santosuosso and the City of Boston, jointly and severally;

b. Enter judgment for punitive damages against Officers Dunford and Santosuosso, jointly and severally;

c. Award attorney's fees and cost pursuant to 42 U.S.C. §1988; and

d. Provide such other and further relief as is necessary and just.

**[THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY.]**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

                Respectfully submitted,
                WAYNE ABRON

                By his attorneys,

                */s/ Jeffrey A. Denner*
                Jeffrey A. Denner (BBO# 120520)
                Neil S. Tassel (BBO# 557943)
                Bruce D. Levin (BBO# 548136)
                DENNER ♦ PELLEGRINO, LLP
                Four Longfellow Place, 35th Floor
                Boston, Massachusetts 02114
                Telephone: (617) 227-2800
                Facsimile: (617) 973-1562
                Email: jdenner@dennerpellegrino.com
                Email: ntassel@dennerpellegrino.com
                Email: blevin@dennerpellegrino.com